(No. 39413.— ▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CARL WILSON, Appellant.

*Opinion filed March 28, 1968.*

WARD, J., took no part.

JOHN P. PESAVENTO, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED

G. LEACH, Assistant Attorney General, and ELMER C. KIS-SANE and FRANCIS J. CAREY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In December of 1962, the defendant, Carl Wilson, pleaded guilty to an indictment which charged him with armed robbery, and in January of 1963 he was sentenced to imprisonment for a term of not less than five nor more than twenty years. On August 20, 1964, he filed a post-conviction petition, which the circuit court of Cook County dismissed upon motion of the State's Attorney. He appeals to this court from the order of dismissal.

His post-conviction petition asserted that his constitutional rights were violated in several respects: because the trial judge held a "pre-trial conference" of which the defendant had no knowledge and at which his "fate was decided"; because the prosecution intimidated one of its own witnesses "with charges of perjury and a jail sentence unless he testified that the Petitioner was one of the men who robbed him"; because the judge prevailed upon him "to change his plea to 'guilty' on the inducement that he would permit Petitioner to remain with his family for another month and would not sentence him to over 5 to 20 years if he would change his pleat to 'guilty';" because certain alleged extra-judicial "investigations" were conducted by the trial judge; because a witness was interrogated by the judge, outside of the presence of the defendant and his attorney; and because after the defendant had been sentenced the judge referred to a letter which he said he had received from the defendant but which he refused to permit the defendant's attorney to inspect, or the defendant to explain. In this court he reiterates those contentions, and also asserts that the representation accorded him by the assistant Public Defender who appeared for him in the

post-conviction proceeding was so inadequate as to violate his constitutional rights.

We consider only this last contention. The record shows that at the hearing on the motion to dismiss the petition there was no mention of any of its allegations. The assistant Public Defender who had been appointed to represent the defendant said nothing. The assistant State's Attorney identified the judge who had accepted the defendant's plea of guilty and entered judgment on it, and described the sentence that had been imposed. The motion to dismiss was then granted.

It is at once apparent that a serious constitutional question was suggested by the charge that a named witness for the prosecution told the defendant that he had been threatened with prosecution for perjury unless he identified the defendant as one of the men who had robbed him. That charge was not susceptible of disposition without comment upon a motion to dismiss which made no reference to the record or to any other material relevant to the charge. Such a motion basically assumes the truth of the allegations to which it is directed and questions only their legal sufficiency.

We express no opinion upon the merits of this contention or any of the others advanced in the petition. Nor do we now consider whether the defendant by withholding disclosure of matters peculiarly within his own knowledge, or otherwise, has waived complaints that he might otherwise have asserted. He was entitled to the assistance of a lawyer in the presentation of his original petition or in the preparation of an amended one if amendment was indicated. That assistance is particularly important in a case such as this, for the statute requires that the petition be verified (Ill. Rev. Stat. 1963, chap. 38, par. 826), and a defendant should be warned of the possible consequences of a false allegation.

Because the defendant did not receive the assistance of counsel, the judgment of the circuit court of Cook County

is reversed, and the cause is remanded to that court for further proceedings.

*Reversed and remanded.*

Mr. Justice Ward took no part in the consideration or decision of this case.

(Nos. 39424, 40071, and 40688 cons.—
The People of the State of Illinois, Appellee, *vs.* Daniel Slaughter, Appellant.

*Opinion filed March 28, 1968.*

Ward, J., took no part.

Carl F. McGarrity, of LaGrange, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred