(No. 40321.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
EUGENE TYNER, Appellant.

*Opinion filed May 29, 1968.*

WARD, J., took no part.

TIMOTHY C. TOOMEY, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, ELMER C. KISSANE, and TRUMAN LARREY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

In 1961 the defendant, Eugene Tyner, was tried by jury in the criminal court of Cook County and convicted of the crime of murder, for which he was sentenced to the penitentiary for a term of 199 years. That judgment was reversed by this court and the cause was remanded for a new trial. (*People* v. *Tyner*, 30 Ill.2d 101.) He was again tried by jury in 1965, and again convicted and sentenced to the penitentiary for a term of not less than 20 nor more than 35 years. He filed a petition seeking relief under the Post-Conviction Hearing Act, which was denied without an evidentiary hearing, and the cause is now before us on appeal from the post-conviction judgment.

In the defendant's *pro se* petition he alleged that the opening statement by the prosecutor was false and prejudicial; that the closing argument of the prosecutor misstated the evidence; that there was a variance between the indictment and the proof; that the court erred in admitting evidence of other crimes; and that the court erred in permitting evidence of an admission by defendant, although no list of witnesses to the admission had been furnished. It is clear that none of these charges presented a constitutional question requiring a hearing under the Act.

The remaining allegations of the petition concern inconsistencies between the testimony of several witnesses for the State based upon what purported to be verbatim excerpts from the testimony of these witnesses. In some instances the defendant argues that the testimony of a witness is inconsistent with the testimony of another witness or the testimony of the defendant. In other instances the defendant says that the excerpts show that the testimony of a witness was inconsistent with testimony at the former trial or at the coroner's inquest. With respect to the testimony of a police officer, it is contended that his testimony was impeached by reason of the fact that a written report made by him did not refer to some of the matters about which the officer testified. All of these alleged inconsistencies were brought out before the jury at the trial. The trial court held that these allegations were insufficient to require a hearing on the issue of a knowing use of perjury by the State. The judge asked defendant's appointed counsel if she wanted leave to file an amended petition and the attorney stated that the defendant would stand on the petition. We agree with the trial court that the allegations of the petition were insufficient to present an issue of the knowing use of perjury by the prosecution. Inconsistencies between the testimony of witnesses and an alleged improbability of testimony go only to the weight and credibility of the evidence and fall short of establishing a knowing use of perjury. *People* v. *Orndoff*, 39 Ill.2d 96, 100; *People* v. *Doherty*, 36 Ill.2d 286, 289.

Defendant contends, however, that his appointed counsel at the post-conviction hearing did not properly represent him because she elected to stand on the original petition instead of asking leave to amend. It is clear from the record that counsel for the defendant had not consulted with the defendant and had not examined the record of the proceedings at defendant's trial. Under these circumstances counsel's election to stand on defendant's *pro se*

petition deprived him of effective representation at the hearing. See *People* v. *Slaughter,* 39 Ill.2d 278, 285.

The judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.