(No. 39979.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHNNY C. WILSON, Appellant.

*Opinion filed September 24, 1968.*

WARD, J., took no part.

DOLORES B. HORAN, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and ROBERT B. ROSEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal by defendant, Johnny C. Wilson, from an order of the circuit court of Cook County sustaining the State's motion to dismiss defendant's *pro se* peti-

tion for post-conviction relief from his conviction of robbery at a bench trial in 1962.

Defendant contends that he was denied due process and equal protection of the law at both the original trial and at the post-conviction proceedings, and that the dismissal of his *pro se* post-conviction petition on the pleadings was error.

The scant record shows that defendant is one of 13 members of an indigent family, that he dropped out of high school, failed the intelligence test for military service, had a history of mental illness, but no prior difficulty with the law.

On May 1, 1961, he was committed to Manteno State Hospital, although it is not clear whether this was voluntary or pursuant to court order. His condition was diagnosed as "Schizophrenic Reaction, Catatonic Type." He remained there five months, and was given electric shock treatments and drug medication; and on October 15, 1961, he was given a "conditional discharge."

On September 3, 1962, he was arrested, and on September 11 he was indicted for robbery—purse snatching. He was represented by counsel, but denies, in his petition, that he employed such counsel, and does not know who did. At the request of his counsel, a Behavior Clinic psychiatrist examined defendant on September 19 for his capacity to stand trial. The report indicated that defendant was "without active mental disease at this time" and could co-operate with counsel.

The record shows no sanity hearing by a jury, nor any request therefor, nor any plea of not guilty by reason of insanity, nor any evidence at the trial relating to defendant's mental condition. The sole evidence to connect defendant with the purse snatching was the testimony of a 12-year-old boy.

On October 25, 1962, defendant was convicted in a trial without a jury, and sentenced to serve not less than one,

nor more than ten years. Shortly thereafter he was transferred from Pontiac prison to Menard State Hospital, and committed as a mentally ill person. He has remained there ever since, receiving electric shock therapy and drug medication.

On September 17, 1963, defendant filed a *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, pars. 122—4, 122—5), urging that he was denied due process of law at his trial, and specifically requesting to be personally heard by the court on such petition. The petition alleged, in substance, the following facts and circumstances: that defendant was insane at the time of the offense, at the trial, and while being punished; that he was represented at the trial by incompetent counsel, whom he did not employ, and didn't know who did; that counsel waived his right to a sanity hearing by a jury, failed to interpose the defense of insanity despite his conditional discharge from Manteno State Hospital; that the crimes were reported to have been committed by a band of youths, of which he was not a member, and the sole evidence connecting him with the crime was the contradictory identification by a 12-year-old boy; that no other review of this conviction was taken because of his continuing mental illness and his transfer as an insane person shortly after conviction to Menard State Hospital, a penal institution, where he was placed under observation by a psychiatrist, who diagnosed his case as "schizophrenia and in need of electro-shock therapy." Along with defendant's *pro se* post-conviction petition, he filed a petition as an indigent person for the appointment of counsel to represent him.

The State filed a motion to dismiss defendant's post-conviction petition on the ground that it raised no constitutional questions. The motion recited that defendant was represented at the trial by his privately hired counsel, and therefore he could not complain of inadequate representation; that the Behavior Clinic examination of defendant

indicated that he was competent to stand trial, and that there is nothing in the record to raise *bona fide* doubt as to defendant's sanity at the time of trial; that the defense of insanity is an affirmative one, and, unless raised, is waived; that the failure of defendant's counsel to interpose that defense did not raise a constitutional question or reduce the trial to a farce.

On October 24, 1963, the same judge who heard defendant's bench trial sustained the State's motion to dismiss defendant's post-conviction petition on the ground that "there is no such thing here that he was not adequately represented." At that hearing on the pleadings, defendant was not permitted to appear. He was represented by an assistant public defender, who in no way assisted in preparing or amending the petition; nor did counsel submit any supporting affidavits, or present the available bill of exceptions of defendant's trial to the court, or even communicate with defendant at any time prior to the hearing.

On this appeal defendant contends that he was denied due process of law at his original trial, as set forth in his post-conviction petition, and that he was also denied constitutional rights by the inadequate representation accorded him by the assistant public defender in the post-conviction proceedings.

It must be noted first that it was not error for the court below to deny petitioner the right to appear personally at that post-conviction hearing, since it merely involved the pleadings and the sufficiency of the petition on its face. At such a hearing, where no evidence is presented, defendant has no right to appear personally. *People* v. *Kamsler, post,* at p. 532, decided this term.

Defendant was, however, entitled to be represented by counsel both in the preparation of his post-conviction petition and at the hearing thereon, under the terms of the Post-Conviction Hearing Act, and such representation was required to be more than mere "tokenism." *People* v. *Tyner,*

40 Ill.2d 1; *People* v. *Slaughter,* 39 Ill.2d 278, 285; *People* v. *Wilson,* 39 Ill.2d 275, 277.

The purport of the Post-Conviction Hearing Act and the role of counsel thereunder were reviewed in the *Slaughter* case, where the court stated at p. 285: "To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed *pro se,* so that it would adequately present the prisoner's constitutional contentions. The statute can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court."

No such course was followed here. The assistant public defender failed to explore available sources for implementing defendant's *pro se* post-conviction petition, and the record shows that counsel neglected such elementary duties as communicating with defendant and examining the bill of exceptions made at his trial.

Similar omissions by defendant's counsel in a post-conviction hearing were deemed grounds for reversal in *People* v. *Tyner,* 40 Ill.2d 1. There this court held it error to dismiss a post-conviction petition on the pleadings without a hearing, even though the petition itself failed to raise a triable issue, where defendant's counsel had not communicated with defendant, nor examined the trial record.

Under our view of this case the representation accorded defendant at the hearing on his *pro se* post-conviction petition was less than that contemplated by the Post-Conviction Hearing Act, and amounted to a denial of defendant's constitutional rights. *People* v. *Tyner,* 40 Ill.2d 1; *People*

v. *Slaughter,* 39 Ill.2d 278, 285; *People* v. *Wilson,* 39 Ill.2d 275, 277.

The judgment of the circuit court dismissing defendant's post-conviction petition was therefore in error. The judgment is reversed and the cause remanded for further proceedings in accordance with the purpose of the Post-Conviction Hearing Act. We express no opinion on the merits of the contentions advanced in defendant's petition respecting the constitutional aspects of his original trial. Such issues are more properly determined in the further proceedings on remandment.

*Reversed and remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.