(No. 40891.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDWARD HOGAN, Appellant.

*Opinion filed January 28, 1970.*

WARD, J., took no part.

JOHN J. DOBRY and EDWIN R. ARMSTRONG, both of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOHN R. McCLORY, of counsel,) for the

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In the circuit court of Cook County, in May of 1963, the defendant, Edward Hogan, entered his plea of guilty to an indictment which charged him with murder, and he was sentenced to imprisonment for not less than 14 nor more than 18 years. In February of 1967 his post-conviction petition was dismissed on motion of the State and he has appealed.

In his post-conviction petition the defendant alleged that he had made false confessions which were the result of beatings by police officers while he was in police custody, and which were made at a time when he had been denied the right to communicate with his family or a lawyer, and had not been advised of his right to remain silent. He also alleged that his indictment was returned by the grand jury upon the basis of his testimony before a coroner's inquest; that his testimony at the inquest was also given at a time when he had been denied permission to make a telephone

call to his family or to obtain a lawyer, and in the presence of the police officers who had beaten him, and that it was consistent with his previous confessions and was also false. His petition also alleged that "no evidence is attached to support this petition" because it was prepared by petitioner, a layman who needed the assistance of counsel. The petition prayed that the court appoint counsel and grant counsel leave to amend the petition.

The defendant was represented at his trial by his privately retained attorney and his plea of guilty was entered after his motion to suppress his two confessions, one to police officers and one to an assistant State's Attorney, had been denied. His motion to suppress his testimony at the coroner's inquest was granted.

At the hearing upon the motion to dismiss his post-conviction petition, the defendant was represented by an assistant public defender whose participation consisted of a summarization of the allegations of the petition, which omitted the request that counsel be appointed and that leave be granted to amend the petition.

In this court the State argues: "The petition contains the allegation that the plea of guilty was coerced by the denial of defendant's motion to suppress two written confessions; this is the only coercion alleged by the defendant. However, the denial, after a hearing, of a motion to suppress allegedly coerced confessions is not a form of coercion which could be legally recognized as vitiating an otherwise voluntary guilty plea." Of course any lawyer would at once recognize that a judicial denial of a motion to suppress a confession does not render that confession coerced. The inept phraseology of the defendant's *pro se* petition, however, could have been readily cured by amendment to express a valid constitutional objection. But no amendment was offered by the defendant's appointed counsel.

The record in this case makes it entirely clear that the defendant did not receive the kind of representation to

which he was entitled upon his post-conviction petition. The transcript of the evidence upon the motion to suppress could not have been examined by the assistant public defender who represented the defendant because that transcript did not exist until this court ordered it prepared in connection with the present appeal from the dismissal of the post-conviction petition. There are also exhibits which tend to substantiate the petitioner's contention that he was beaten, which were not included in the record in the trial court but which this court authorized to be incorporated in a supplemental record.

In several decisions we have pointed out that the Post-Conviction Act contemplates adequate representation of a defendant upon a post-conviction petition. (*People* v. *Garrison*, 43 Ill.2d 121; *People* v. *Barnes*, 40 Ill.2d 383; *People* v. *Wilson*, 40 Ill.2d 378, 381-2; *People* v. *Tyner*, 40 Ill.2d 1, 3; *People* v. *Slaughter*, 39 Ill.2d 278; *People* v. *Wilson*, 39 Ill.2d 275.) That quality of representation was not afforded in this case, and the judgment dismissing the defendant's post-conviction petition must therefore be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.