The People of the State of Illinois, Plaintiff-Appellee, *v.* John J. Rooney, Defendant-Appellant.

(No. 71-326; )

Fifth District—June 27, 1972.

*Rehearing denied August 2, 1972.*

Paul Bradley, of Defender Project, of Mt. Vernon, (L. R. Weeks, Senior Law Student, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Kenneth J. Juen, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Petitioner filed a *pro se* petition for post-conviction relief on October 31, 1969. A public defender was appointed to represent petitioner at the post-conviction hearing; petitioner requested his removal on February 10, 1970, and on April 8, 1970, another attorney was appointed. On September 28, 1970, the petition was dismissed for insufficiency upon a motion by the State, from which dismissal this appeal was taken by The Illinois Defender Project.

Petitioner argues that his court-appointed attorney's failure to examine petitioner's trial record resulted in a denial of adequate representation at the post-conviction hearing, and constituted reversible error.

Standards for representation at proceedings pursuant to the Post-Conviction Hearing Act, clearly outlined in *People v. Slaughter,* 39 Ill.2d 278,

235 N.E.2d 566, were incorporated into Supreme Court Rule 651(c), in view of continued findings of inadequate representation. (*People v. Wilson*, 39 Ill.2d 275, 235 N.E.2d 561; *People v. Tyner*, 40 Ill.2d 1, 238 N.E.2d 377; *People v. Barnes*, 40 Ill.2d 383, 240 N.E.2d 586; *People v. Craig*, 40 Ill.2d 466, 240 N.E.2d 588; *People v. Wilson*, 40 Ill.2d 378, 240 N.E.2d 583.) The rule provides:

"The record filed in this court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

Rule 651(c) became effective January 1, 1970, and its requirements extend to those cases dismissed after that date. (*People v. Wales*, 46 Ill.2d 79, 262 N.E.2d 926; *People v. Hayes*, 49 Ill.2d 298, 273 N.E.2d 838.) In the case before us, the record shows affirmatively that appellant's attorney did not examine the trial record. Since appellant's petition was dismissed in September of 1970, we find the rule applicable to this case. See *People v. Harris*, 40 Ill.2d 31, 276 N.E.2d 327.

Since the record which former counsel certified he was unable to locate was filed in this Court on a direct appeal, (See *People v. Rooney*, 91 Ill.App.2d 46, 233 N.E.2d 440) and has been submitted with the record in this cause, we cannot excuse failure to comply with the rule. We therefore reverse the dismissal of the post-conviction petition and remand the cause for appointment of counsel and further proceedings not inconsistent herewith.

Reversed and remanded.

JONES and CREBS, JJ., concur.