THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT E. WILLIAMS, Defendant-Appellant.

(No. 73-17;

Fifth District—May 8, 1973.

Robert E. Williams, *pro se.*

No appearance for the People.

PER CURIAM:

Appellant pleaded guilty to a charge of deceptive practices and was sentenced May 14, 1970. After sentencing in Illinois, he was returned to federal authorities in Georgia to serve a previously-imposed sentence based on charges not related to the instant case. Subsequently, a detainer on the Illinois charge was filed with the federal authorities.

In September, 1972, appellant filed in the circuit court a *pro se* document styled "MOTION TO VACATE JUDGMENT AND SENTENCE." The motion, which was verified under oath, alleged that appellant had requested counsel at trial but none had been made available, that the State's Attorney had made illusory and unfulfilled promises to induce the plea, and that appellant was not made aware of the consequences of his plea before judgment was entered. Appellant's motion specifically requested relief from a judgment obtained in violation of his constitutional rights.

No counsel was appointed for appellant; the circuit court "* * * finding * * * that said Motion was filed more than 30 days following the said Order and Judgment * * * [of May 14, 1970] * * *," dismissed the motion.

The record before us shows only that the trial court considered the caption of the motion as determinative of the jurisdiction of the court and the treatment to be afforded appellant's claims. There is no

indication that the substance of the document was considered, even to the extent of finding it to be insufficient as a post-conviction petition.

The application of the doctrine that pleadings should be liberally construed toward the end of accomplishing substantial justice is particularly crucial in cases where the pleading party is unable to avail himself of the assistance of counsel. It is axiomatic that the vast majority of inmates of penal institutions are, by the direct effects of incarceration, rendered unable physically or financially to consult with counsel unless assisted by the courts. The dangers of exaltation of form over substance in determination of such cases are minimized by the normal procedure of appointment of counsel for preparation of an amended post-conviction petition after a *prima facie* case has been alleged.

The order of the circuit court dismissing the motion is reversed, and the cause is remanded with directions to treat the motion as a petition for post-conviction relief.

Reversed and remanded with directions.