THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY DON BRAZIEL, Defendant-Appellant.

Fourth District   No. 12889

Opinion filed June 10, 1976.

Richard J. Wilson and Bruce Stratton, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

In 1970, defendant was convicted, upon a plea of guilty, for the offense of murder and was sentenced to 35 to 60 years' imprisonment. On June 24, 1974, defendant filed a petition for relief pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) in which he alleged denial of his constitutional rights resulting from prosecutorial misconduct. The petition, prepared by appointed counsel, alleges that by reason of the conduct of the prosecution he did not have "adequate access" to certain witnesses so that:

"[P]etitioner was without witnesses to corroborate facts to which he would have testified to at trial and he accordingly was greatly

afraid that the jury might disbelieve him and because of said fear he entered a guilty plea to certain of the counts of the indictment, notwithstanding the fact that he believed then and believes now that he is innocent of the offense of murder."

Following arguments heard, the trial court dismissed the petition upon motion by the State's Attorney and defendant appeals from such order. The trial court found that the affidavits attached to the petition set forth no new evidence which was not known to the court at the time judgment was entered; that there are no matters of fact not appearing in the record which, if known to the court at the time judgment was entered, would have prevented its rendition, and that there were no facts which would substantiate a valid defense presented to the court as having been prevented through fraud or duress.

Our examination of the record discloses that the said affidavits contained no statements of fact relevant to a defense, and which, if known to the court, would have prevented conviction. *People v. Bishop,* 1 Ill. 2d 60, 114 N.E.2d 566.

Relying upon *People ex rel. Palmer v. Twomey* (1973), 53 Ill. 2d 479, 292 N.E.2d 379; *People v. Williams* (1973), 11 Ill. App. 3d 275, 296 N.E.2d 617, and *People v. Wilson* (1968), 39 Ill. 2d 275, 235 N.E.2d 561, defendant argues that the trial court erred in failing to consider his section 72 petition as a request for post-conviction relief and ordering an evidentiary hearing thereon. However, both *Twomey* and *Williams* are distinguishable from the instant case.

In *Twomey,* the petitioner argued that the trial court erred in dismissing his pro se habeas corpus petition without either appointing counsel or inquiring whether he desired the assistance of counsel. The court noted, by way of dictum, that the failure of the trial court to treat defendant's petition as a request for post-conviction relief was error. In the instant case, unlike *Twomey,* defendant was represented by able counsel in filing the amended section 72 petition. Moreover, despite the State's willingness to have the trial court consider defendant's section 72 petition as one requesting post-conviction relief, defendant's attorney insisted that it be treated as a section 72 petition and not as a post-conviction petition. In argument, petitioner's counsel advised the court that post-conviction proceedings were pending in that court.

In *Williams,* the court, emphasizing the trial court's failure to appoint counsel for defendant, reversed the trial court's dismissal of defendant's pro se petition entitled "Motion to Vacate Judgment and Sentence" and remanded with directions to treat the motion as a petition for post-conviction relief. In the instant case, unlike *Williams,* the trial court appointed counsel to represent the defendant on his pro se request for section 72 relief. Defendant's attorney then filed an amended section 72

788

petition and argued that relief should be given pursuant to section 72 rather than the Post-conviction Hearing Act.

In *Wilson,* an appeal from an order dismissing defendant's post-conviction petition, it was held that defendant was entitled to the assistance of counsel in the presentation of his original petition, or in the preparation of an amended one if amendment was indicated. Such procedure was followed in the instant case.

In view of defense counsel's insistence that the petition in question be treated as a claim for relief pursuant to section 72 and not the Post-conviction Hearing Act, the trial court was certainly not required to treat it as a post-conviction petition. As a section 72 claim, the trial court found the petition insufficient and accordingly dismissed it. On appeal, defendant has presented no argument concerning the petition's sufficiency as a section 72 claim.

The judgment of the trial court is affirmed.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.