THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES WEST, Defendant-Appellant.

First District (5th Division) No. 85—1307

Opinion filed April 18, 1986.

Steven Clark and Gordon H. Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Mark F. Smolens, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

After a jury trial, defendant James West was convicted of possession of a stolen motor vehicle (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103(a)(1)) and acquitted on a charge of theft of the vehicle. Defendant was sentenced to three years and nine months in the Illinois Department of Corrections. On appeal, defendant contends that: (1) he was denied effective assistance of counsel based on his attorney's failure to request an instruction on intoxication to the jury; and (2) the trial court erred in sentencing him, since he was entitled, but not allowed, to elect to be sentenced under the law at the time of sentencing or the law which existed at the time of the offense. Also under consideration in this appeal is defendant's motion for an appeal bond which has been taken with the case. For the reasons set forth below, we affirm in part, reverse in part, vacate sentence and remand the cause for resentencing.

The record reveals that defendant was found at 3 a.m. in a stolen Oldsmobile Cutlass in Evanston, on September 24, 1984, after the termination of a high speed "chase" by Evanston police. At that time, the police observed that the steering column of the car had been "peeled" and a screwdriver was on the front seat next to defendant. Defendant's inability to produce a driver's license resulted in his explanation to the police that he had just bought the car from a friend.

At trial, Hugh Farrington, the owner of the car, testified that he had not given defendant permission to be in his automobile on September 24. Police Officer Arthur Ersler, the arresting officer, testified that he talked to defendant on two occasions on the date of the crime. At approximately 2 a.m., Ersler, responding to a call about two suspicious persons, stopped defendant and another man, but let them go after finding no reason to detain them. At that time he observed defendant walking away with a wicker chair in his arms and stated that defendant appeared to be "highly intoxicated." Ersler talked to defendant again at 3 a.m. when he arrested him. Defendant also appeared highly intoxicated at this time.

The record further discloses that the defense raised by defendant's counsel was that defendant had too much to drink at a party and had been placed in the car by a friend to provide him with a ride since he could not get home on his own. In closing argument, defense counsel also referred to defendant's intoxication in arguing that defendant was too drunk to know the car had been stolen or to "peel" the steering column of the car and to "hot wire" it. Defense counsel did not request an instruction on intoxication, nor did the trial court so instruct the jury.

To establish ineffective assistance of counsel, a defendant must show that counsel's presentation of his case was so constitutionally deficient that it produced substantial prejudice to defendant without which the result of the proceedings would have been different. (*People v. Williams* (1986), 140 Ill. App. 3d 216, 228, 488 N.E.2d 649.) Rather than focusing upon isolated instances occurring during the course of the proceedings, all facts and circumstances set forth in the record must be considered. (140 Ill. App. 3d 216, 228, 488 N.E.2d 649.) Both counsel's incompetence and the resultant prejudice must be clearly established by defendant. (*People v. Rodriguez* (1983), 117 Ill. App. 3d 761, 764, 454 N.E.2d 13.) A defendant must further overcome a strong presumption that counsel's conduct might be considered sound trial strategy. *Strickland v. Washington* (1984), 466 U.S. 668, 689, 80 L. Ed. 2d 674, 694-95, 104 S. Ct. 2052, 2065-66.

Here, defendant admits that defense counsel performed capably during the proceedings, but argues that the absence of a request by counsel for an instruction to the jury on intoxication constituted incompetence. Defendant further argues that had the instruction been given, the jury "might" not have been convinced beyond a reasonable doubt that defendant knew he was riding in a stolen automobile.

We conclude that defendant's assertions do not satisfy the standard of review required to establish ineffective assistance of coun-

sel. Under the totality of the facts and circumstances set forth in the record, defendant's focus on one isolated instance during the proceedings is insufficient to establish incompetence of counsel, especially since defendant admits defense counsel acted capably except for the fact that he did not request an instruction to the jury on intoxication. We also find defendant's allegation, that the jury "might" not have reached the verdict that it did had the intoxication instruction been given, is insufficient to satisfy his burden of showing that he was substantially prejudiced without which the result of the proceedings would have been different.

Moreover, in light of the foregoing, defendant has failed to overcome the presumption that the lack of a request for an instruction on intoxication was a result of sound trial strategy. To be a defense to a criminal charge, a defendant's voluntary intoxication must be so extreme as to suspend all reason. (*People v. Feagans* (1983), 118 Ill. App. 3d 991, 997, 445 N.E.2d 871.) Merely being drunk or intoxicated is insufficient to create a defense. Here, the record discloses that defendant was not so drunk on the date of the crime that his reason was completely suspended. Defendant, although intoxicated, responded intelligently to the police at the time of his two confrontations with them, *i.e.*, when he was carrying a wicker chair in his arms and when found in the stolen automobile. Based on this evidence, defense counsel could reasonably have believed that the jury would not have believed defendant was so intoxicated that his reason was suspended and, therefore, he strategically refrained from seeking an instruction on the defense of intoxication.

Accordingly, we hold that defendant has failed to show that his counsel's representation of him was so deficient that it produced substantial prejudice to him without which the outcome of the proceedings would have been different.

■■ ■ We find merit, however, in defendant's second argument that the trial court erred in sentencing him. Defendant was sentenced for possession of a stolen vehicle under section 4—103(a)(1) of the Illinois Motor Vehicle Code. (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103(a)(1).) At the time of defendant's arrest, section 4—103(b) of the Code classified the illegal possession of a motor vehicle as a Class 3 felony. (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103(b).) This identical crime was classified as a Class 4 felony under the provisions of section 4—108(b) of the Code. (Ill. Rev. Stat. 1983, ch. 95½, par. 4—108(b).) At the time of defendant's arrest, there thus was an ambiguity in the law as to the classification of the crime for which he was convicted, *i.e.*, Class 3 or Class 4. We further note that a Class 3 fel-

ony, under section 4—103, has a projected mandatory supervised release date of August 9, 1986. Under a Class 4 felony, as provided in section 4—108(b), defendant's supervised release date may have been March 24, 1986.

Under Illinois law, where a statutory ambiguity exists, that ambiguity is to be resolved in a defendant's favor. (*People v. McCarty* (1983), 94 Ill. 2d 28, 34-35, 445 N.E.2d 298.) Accordingly, defendant, at the time of his sentencing on March 29, 1985, was entitled to make an election to be sentenced under the law at the time of sentencing or the law existing at the time of the offense. *People v. Andrews* (1981), 95 Ill. App. 3d 595, 600, 420 N.E.2d 509.

For the foregoing reasons, therefore, we affirm defendant's conviction, vacate his sentence and remand the cause for resentencing to permit defendant to make an election to be sentenced under the law in effect on the date of the offense, September 24, 1984, or the date of his conviction, March 29, 1985. Defendant's motion for release on bond pending appeal is denied.

Affirmed in part; reversed in part; sentence vacated; and cause remanded, with directions; mandate to issue forthwith.

SULLIVAN, P.J., and LORENZ, J., concur.