THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER KING, Defendant-Appellant.

First District (5th Division) No. 1—88—2281

Opinion filed August 2, 1991.

Michael J. Pelletier and Leslie Wallin, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Walter P. Hehner, and John Guinn, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant, Christopher King, was charged with possession of a controlled substance, possession with intent to deliver, and with unlawful use of weapons. The defendant's pretrial motions were denied, and then, after a lengthy trial, the jury returned a guilty verdict on all three counts. The trial judge sentenced defendant to a total of 12 years. On appeal, defendant raises the following issues: (1) whether, in light of new evidence adduced at trial, the trial judge erred by denying the defendant's motion to reconsider his pretrial motion to quash the arrest and suppress the evidence; (2) whether the trial judge properly allowed the State's narcotics expert witness to testify on the ultimate issue of the defendant's intent to deliver the cocaine; and (3) whether defendant was denied a fair trial because Illinois Pattern Jury Instructions, Criminal, No. 18.02 (2d ed. 1981) (IPI Criminal 2d No. 18.02) was not submitted to the jury.

We affirm.

Relevant to our disposition are the following facts as disclosed by the record. Just prior to defendant's arrest, two Evanston police officers were directed by car radio to meet two Federal agents at the intersection of Judson and South Boulevard. Although the full content of the ensuing conversation between the men is not known, the Federal agents did inform the officers that they were staking out defendant, Christopher King, and they described the car he was driving. Within moments, defendant's car (fitting, in fact, the description given by the Federal agents) drove by the intersection. The police officers claimed that one of the headlights of defendant's car was out, so they followed the car and eventually pulled defendant over. Defendant got out of his car and walked to his car's rear bumper. The officers got out of the squad car and drew their weapons.

Officer Muholland met the defendant, and Officer Conklin advanced along the passenger side of the car. Conklin looked in the window and testified that he saw a handgun sitting in plain view on the front seat. Later at trial, defendant admitted that the handgun was his but denied that the handgun was on the front seat. At any rate, defendant was placed under arrest and taken to the squad car.

Officer Conklin searched the car and discovered two more guns and a knapsack with ammunition on the front floorboard of the car's passenger side. Conklin testified that the guns were in two boxes, each identified as "Raven Arms." Defendant testified that the two guns had been purchased that day and were still in a plastic bag.

Conklin also discovered a locked box which was later opened and found to contain cocaine and other drug paraphernalia. The drug paraphernalia included a measuring device, packaging materials, and plastic baggies. The officers arranged to have pictures taken of the car which included a picture showing that one of the front headlights was out.

During the hearing on defendant's pretrial motion to quash the arrest and suppress the evidence, the officers denied that they received a description of the defendant's car from the Federal agents. The trial judge, Marcia Orr, denied the motion, finding that the officers stopped the car because the headlight was out and that they searched the car because the handgun was in plain view. At trial, defense counsel cross-examined the officers and discovered that the officers actually did receive a description of defendant's car. After considering the "new evidence" on a renewed motion to quash the arrest and suppress the evidence, the trial judge reaffirmed her earlier findings and denied the motion. The judge found that there were no major inconsistencies in the testimony of the officers and expressly stated that, even if the "new evidence" had been available at the pretrial hearing, she would have denied the motion.

During trial, Officer Tomczyk, who was qualified by stipulation as a narcotics expert, testified that the drug paraphernalia "would indicate a dealer in cocaine rather than a user." The defendant objected on the ground that the testimony was unduly prejudicial. The trial judge allowed the testimony.

In regard to the unlawful use of weapons count, defense counsel asserted different arguments at trial. One argument asserted that defendant's car was his "place of business" because he was an electrician and was forced to keep his equipment in his car; moreover, some of defendant's work locations were in poor, crime intensive neighborhoods. As a result of this argument, the trial judge submitted Illinois Pattern Jury Instructions, Criminal, No. 18.03 (2d ed. 1981) (IPI Criminal 2d No. 18.03), which exempts liability for a person possessing weapons at their "place of business."

Another argument asserted that the guns discovered in defendant's car were either inaccessible or nonfunctional. The IPI Criminal 2d No. 18.02 instruction exempts liability where the discovered weap-

ons are either inaccessible or nonfunctional. However, at the end of trial defense counsel did not tender this instruction and it was not submitted to the jury.

Defendant was convicted of all three counts. The trial judge merged the controlled substances counts and sentenced defendant to 12 years in jail. The judge also sentenced defendant to one year in jail for the unlawful use of weapons count to be served concurrently with the 12-year sentence.

OPINION

Upon review, a trial judge's decision on a motion to quash an arrest and suppress evidence will not be disturbed unless it is found to be manifestly erroneous. (*People v. Penny* (1989), 188 Ill. App. 3d 499, 544 N.E.2d 1015.) Here, the defendant argues that the new evidence adduced at trial concerning the role of the Federal agents established that the stop and search by the officers was in violation of the pretext doctrine. (See *Penny*, 188 Ill. App. 3d 499, 544 N.E.2d 1015 (an officer's authority to investigate a traffic violation may not become a subterfuge to obtain evidence of another offense for which the officer suspects the defendant's involvement).) The record shows that the Federal agents were staking out the defendant; they gave a description of the car; the defendant just happened to drive by; and the officers, for no apparent reason, got out of their squad car with their guns drawn. Therefore, defendant argues that the trial judge erred by denying the motion to reconsider the motion to quash the arrest and suppress evidence.

■ However, the trial judge made specific factual findings which are dispositive of this issue. The judge consistently found (even after the role of the Federal agents was disclosed) that the officers stopped defendant's car because a headlight was out and not because they suspected defendant had been involved in another offense. The judge also found that the officers searched the car because a handgun was sitting in plain view on the front seat of defendant's car. These findings of fact are also supported by the evidence, including the picture of the front of the car showing the front headlight out and the testimony of the officers. We hold, therefore, that the trial judge's denial of defendant's motion to reconsider the motion to quash the arrest and suppress the evidence was not manifestly erroneous.

■ On this same issue, defendant also argues that he was denied due process because the prosecutor did not correct the known false testimony of the police officers at the pretrial hearing. Although the knowing use of perjured testimony does violate due process (*People v.*

*Foster* (1989), 190 Ill. App. 3d 1018, 547 N.E.2d 478), the trial judge here found that there were no major inconsistencies between the police officers' testimony in the pretrial hearing and the trial. In light of this finding, defendant's argument falls short of establishing the knowing use of perjured testimony and applies instead to the weight and credibility of the evidence. (*People v. Tyner* (1968), 40 Ill. 2d 1, 238 N.E.2d 377.) Therefore, we hold that defendant was not denied due process of law.

■ Next, defendant argues that the trial judge erred by allowing the narcotics expert's testimony concerning the drug paraphernalia because it addressed the ultimate issue whether defendant had the intent to deliver the cocaine. Defendant reasons that the testimony was unduly prejudicial. However, it is now well established that an expert may directly express his opinion on an ultimate issue; the test for the admissibility of the testimony is whether it will aid the jurors' understanding. (*Watson v. State Farm Fire & Casualty Co.* (1984), 122 Ill. App. 3d 559, 461 N.E.2d 57.) We decline to adopt the position that the average juror is capable of making a distinction between a drug dealer and a drug user without the assistance of an expert. Also, the narcotics expert's testimony was not unduly prejudicial because the jury was not required to accept it. Therefore, we hold that the trial judge did not err by allowing the testimony.

■ Finally, in regard to the unlawful use of weapons count, defendant argues that he was denied a fair trial because the jury was not given IPI Criminal 2d No. 18.02, which exempts liability if the discovered weapons were either nonfunctional or inaccessible. Although defense counsel argued that the weapons were either nonfunctional or inaccessible, he did not tender IPI Criminal 2d No. 18.02. Therefore, this issue was waived. *People v. Bernard* (1984), 104 Ill. 2d 218, 470 N.E.2d 1005 (a party may not raise on appeal the failure to give an instruction unless he shall have tendered it).

■ In response, appellate counsel for defendant argues that the failure to tender the instruction by the defense (trial) counsel amounted to ineffective assistance of counsel. In order to establish ineffective assistance of counsel, a defendant must prove that defense counsel's representation at trial fell below an objective standard of reasonableness and there was a reasonable probability, but for the error, the outcome would have been different. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Also, where counsel could have reasonably believed that the jury would not believe an argument, he may strategically refrain from seeking an instruction. (*People v. West* (1986), 142 Ill. App. 3d 876, 492 N.E.2d 566.) Here, in order to

satisfy the exemption pursuant to IPI Criminal 2d No. 18.02, defendant had to prove by a preponderance of the evidence that the weapons were either inaccessible or nonfunctional. Even though there may have been a question about the accessibility of the two guns found in the boxes, there was substantial police testimony that the first handgun was found on the front seat of defendant's car. Given the burden of proof, trial counsel could have reasonably believed that the jury would not believe that this handgun was either inaccessible or nonfunctional, and therefore strategically refrained from seeking the instruction. Furthermore, trial counsel asserted a reasonable alternative argument to which the appropriate instruction was tendered. Therefore, we hold that defense counsel's representation at trial did not amount to ineffective assistance of counsel.

Affirmed.

GORDON and McNULTY, JJ., concur.