809 N.E.2d 239 (2004)
348 Ill. App.3d 231
284 Ill.Dec. 117
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Tommie WASHINGTON, Defendant-Appellant.
No. 1-03-0013.
Appellate Court of Illinois, First District, Sixth Division.
April 30, 2004.
*240 Edwin A. Burnette, Cook County Public Defender, Chicago (Bruce C. Landrum, of counsel), for Appellant.
Richard A. Devine, Cook County State's Attorney, Chicago (Renee Goldfarb, Michele Grimaldi Stein and Miles J. Keleher, of counsel), for Appellee.
*241 Presiding Justice FROSSARD delivered the opinion of the court:
Following a bench trial in 1997, defendant Tommie Washington was convicted of possession of 1.2 grams of heroin, a controlled substance, with intent to deliver and sentenced to prison for 22 years. This court affirmed defendant's conviction and sentence on appeal. People v. Washington, No. 1-98-0987 (1999) (unpublished order under Supreme Court Rule 23). On April 1, 1999, defendant filed a pro se postconviction petition which was summarily dismissed. This court affirmed the summary dismissal. People v. Washington, No. 1-99-1608, 317 Ill.App.3d 1160, 270 Ill.Dec. 664, 783 N.E.2d 239 (2000) (unpublished order under Supreme Court Rule 23). On June 28, 2002, defendant filed a second pro se post-conviction petition which was summarily dismissed. Defendant appeals that dismissal contending that he raised a valid free-standing claim of actual innocence based on newly discovered evidence. We reverse.
As an initial matter, we address the State's motion to compel defendant to file a complete record, including the trial record or, in the alternative, to strike defendant's brief, which we have taken with the case. Defendant maintains that the record, as filed, is sufficient for purposes of rendering a decision in this matter. We disagree and, therefore, granted the State's motion. Defendant filed the complete record. Our review of the dismissal of defendant's post-conviction petition is de novo. People v. Coleman, 183 Ill.2d 366, 388-389, 233 Ill.Dec. 789, 701 N.E.2d 1063 (1998). In resolving the instant appeal we reviewed the complete record including the trial record, as well as the post-conviction record.
As this case has been before us previously, we take judicial notice of the orders entered in People v. Washington, No. 1-98-0987 (1999) (unpublished order under Supreme Court Rule 23), and People v. Washington, No. 1-99-1608 (2000) (unpublished order under Supreme Court Rule 23). During defendant's 1997 bench trial, the State's evidence showed that a police officer saw defendant engage in a suspected drug transaction on the corner of Walnut Street and Homan Avenue in Chicago. As the officer approached him, defendant dropped a brown paper bag containing 11 packets of heroin. According to defendant's version of the events, he was waiting in line at a store near Walnut Street and Homan Avenue when police officers pulled him outside and asked him if he had a gun. The officers subsequently arrested defendant and it was not until later that defendant learned he had been charged with a drug offense. Defendant was convicted of possession of a controlled substance with intent to deliver. The bag recovered by the police contained 1.1 grams of powder; the contents tested positive for the presence of .1 gram of heroin. Defendant was convicted and sentenced to 22 years in the Illinois state penitentiary for possession of a controlled substance with intent to deliver.
On May 24, 1999, this court affirmed defendant's conviction and sentence on direct appeal. People v. Washington, No. 1-98-0987 (1999) (unpublished order under Supreme Court Rule 23). The sole issue on direct appeal was whether the trial court relied on an improper aggravating factor at sentencing, namely, that defendant lied on the stand. Defendant's sentence was affirmed on direct appeal.
On April 1, 1999, defendant filed a pro se post-conviction petition, alleging inter alia, ineffective assistance of both trial and appellate counsel. The trial court dismissed the petition as frivolous and patently without merit. This court affirmed the summary dismissal. People v. Washington, *242 No. 1-99-1608 (2000) (unpublished order under Supreme Court Rule 23).
On June 28, 2002, defendant filed a second pro se post-conviction petition alleging that newly discovered evidence supported a free-standing claim of actual innocence. In his petition, defendant alleged that he met fellow inmate Larry Stuckey in the prison library. Following their conversation, defendant learned that on the day he was arrested near the corner of Walnut Street and Homan Avenue, Stuckey had been selling drugs on that same corner. Stuckey's affidavit dated June 17, 2002, stated that Stuckey dropped a bag of narcotics on the ground and fled the scene when he saw a detective's car approach. Defendant alleged that the officers mistook him for Stuckey. According to the affidavit, defendant did not learn of this information until May 19, 2002.
Defendant also attached a written statement, which was not notarized, from Thomas Liles, a victim in a 1997 armed robbery case for which defendant had been arrested and charged. The statement, which was dated August 26, 1997, indicated that Liles initially identified defendant as the robber. However, Liles recanted the identification, identified Stuckey as one of the robbers, and defendant was found not guilty.
On September 20, 2002, the trial court summarily dismissed defendant's petition in the instant case as frivolous and patently without merit. On appeal, defendant contends that he sufficiently alleged a claim of actual innocence in that the police mistakenly arrested him instead of Stuckey.

POST-CONVICTION HEARING ACT
The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2002)) provides that a defendant may challenge his conviction by alleging "that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1 (West 2002); see People v. Tenner, 175 Ill.2d 372, 377, 222 Ill.Dec. 325, 677 N.E.2d 859 (1997). A petition filed under the Act must "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2002). The petition shall have attached "affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2002); see People v. Collins, 202 Ill.2d 159, 66, 270 Ill.Dec. 1, 782 N.E.2d 195 (2002). Postconviction relief is a collateral proceeding, not an appeal from the underlying judgment. People v. Evans, 186 Ill.2d 83, 89, 237 Ill.Dec. 118, 708 N.E.2d 1158 (1999).
In cases not involving the death penalty, the Act establishes a three-stage process for adjudicating a petition for postconviction relief. People v. Gaultney, 174 Ill.2d 410, 418, 221 Ill.Dec. 195, 675 N.E.2d 102 (1996). At the first stage of a postconviction proceeding, the circuit court determines whether the petition alleges a constitutional infirmity that, if proven, would necessitate relief under the Act. Coleman, 183 Ill.2d at 380, 233 Ill.Dec. 789, 701 N.E.2d 1063. The first stage presents a pleading question. Unless positively rebutted by the record, all well-pleaded facts are taken as true at this stage, and the trial court's determination is subject to de novo review. Coleman, 183 Ill.2d at 385, 388-89, 233 Ill.Dec. 789, 701 N.E.2d 1063.
A pro se post-conviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the "gist of a constitutional claim." Gaultney, 174 Ill.2d at 418, 221 *243 Ill.Dec. 195, 675 N.E.2d 102, citing People v. Porter, 122 Ill.2d 64, 74, 118 Ill.Dec. 465, 521 N.E.2d 1158 (1988). The "gist" standard is "a low threshold." Gaultney, 174 Ill.2d at 418, 221 Ill.Dec. 195, 675 N.E.2d 102. To set forth the "gist" of a constitutional claim, the post-conviction petition "need only present a limited amount of detail" (Gaultney, 174 Ill.2d at 418, 221 Ill.Dec. 195, 675 N.E.2d 102) and hence need not set forth the claim in its entirety. Further, the petition need not include "legal arguments or [citations] to legal authority." Gaultney, 174 Ill.2d at 418, 221 Ill.Dec. 195, 675 N.E.2d 102.
If the petition is not dismissed and survives the first stage of the post-conviction process then subsection (b) of section 122-2.1 of the Act provides that "* * * the court shall order the petition to be docketed for further consideration in accordance with Sections 122-4 through 122-6." 725 ILCS 5/122-2.1(b) (West 2002). At the second stage of the post-conviction process, the State is required to either answer the pleading or move to dismiss. 725 ILCS 5/122-5 (West 2002). If at the second stage the State files a motion to dismiss, the trial court must rule on the legal sufficiency of the defendant's allegations, taking all well-pleaded facts as true. People v. Ward, 187 Ill.2d 249, 255, 240 Ill. Dec. 636, 718 N.E.2d 117 (1999). If at the second stage a substantial showing of a constitutional violation is established, the petition is advanced to the third stage for an evidentiary hearing. 725 ILCS 5/122-6 (West 2002); Gaultney, 174 Ill.2d at 418, 221 Ill.Dec. 195, 675 N.E.2d 102.
Section 122-3 of the Act, however, contemplates the filing of only one post-conviction petition. People v. Erickson, 183 Ill.2d 213, 222-23, 233 Ill.Dec. 319, 700 N.E.2d 1027 (1998). Therefore, claims of a substantial denial of a constitutional right not raised in the original or amended petition are waived, and those previously decided on direct appeal are barred by res judicata. People v. Tenner, 206 Ill.2d 381, 392, 276 Ill.Dec. 343, 794 N.E.2d 238 (2002). In the context of successive postconviction petitions, the procedural bar of waiver is an express requirement of the statute and, therefore, cannot be relaxed unless fundamental fairness so requires. See 725 ILCS 5/122-3 (West 2002); see also People v. Pitsonbarger, 205 Ill.2d 444, 458, 275 Ill.Dec. 838, 793 N.E.2d 609 (2002).
Regarding successive post-conviction petitions, courts apply the causeand-prejudice test to determine whether fundamental fairness requires the application of an exception to the waiver provision of section 122-3 of the Act. Tenner, 206 Ill.2d at 392, 276 Ill.Dec. 343, 794 N.E.2d 238; Pitsonbarger, 205 Ill.2d at 459, 275 Ill.Dec. 838, 793 N.E.2d 609. Under this test, a defendant must show good cause for failing to raise the claimed error in a prior proceeding and show that actual prejudice resulted from the error. "To establish `cause,' the defendant must show some objective factor external to the defense impeded his ability to raise the claim in the initial post-conviction proceeding. See Pitsonbarger, 205 Ill.2d at 460, 275 Ill.Dec. 838, 793 N.E.2d 609, citing Flores, 153 Ill.2d at 279, 180 Ill.Dec. 1, 606 N.E.2d 1078. To establish `prejudice,' the defendant must show the claimed constitutional error so infected his trial that the resulting conviction violated due process. [Citation.]" Tenner, 206 Ill.2d at 393, 276 Ill. Dec. 343, 794 N.E.2d 238.
However, even where a defendant is unable to show cause and prejudice, his failure to raise a claim in an earlier petition will be excused if necessary to prevent a fundamental miscarriage of justice. Pitsonbarger, 205 Ill.2d at 459, *244 275 Ill.Dec. 838, 793 N.E.2d 609; People v. Smith, 341 Ill.App.3d 530, 536, 276 Ill.Dec. 472, 794 N.E.2d 367 (2003). In non-deathpenalty cases, a defendant must show actual innocence to demonstrate such a miscarriage of justice. Pitsonbarger, 205 Ill.2d at 459, 275 Ill.Dec. 838, 793 N.E.2d 609. In order to do this, a defendant must present evidence that is new, material, noncumulative, and, most importantly, of such conclusive character that it would probably change the result upon retrial. People v. Washington, 171 Ill.2d 475, 489, 216 Ill.Dec. 773, 665 N.E.2d 1330 (1996); People v. Deloney, 341 Ill.App.3d 621, 630, 275 Ill.Dec. 709, 793 N.E.2d 189 (2003).
Where, as here, the defendant alleges that he has raised a valid free-standing claim of actual innocence, we need not analyze the defendant's claim under the cause-and-prejudice test. As the Illinois Supreme Court recently held in Pitsonbarger:
"We hold today that the cause-and-prejudice test is the analytical tool that is to be used to determine whether fundamental fairness requires that an exception be made to section 122-3 so that a claim raised in a successive petition may be considered on its merits. We reaffirm that even if the petitioner cannot show cause and prejudice, his failure to raise a claim in an earlier petition will be excused if necessary to prevent a fundamental miscarriage of justice. To demonstrate such a miscarriage of justice, a petitioner must show actual innocence or, in the context of the death penalty, he must show that but for the claimed constitutional error he would not have been found eligible for the death penalty." Pitsonbarger, 205 Ill.2d at 459, 275 Ill.Dec. 838, 793 N.E.2d 609.
For the reasons that follow, at this stage of the proceeding, we find that defendant has satisfied the cause-and-prejudice test under Pitsonbarger, and defendant has sufficiently satisfied the actual innocence test under Washington.
In the instant case, at this stage of the post-conviction proceeding, defendant's attempt to raise a valid free-standing claim of innocence satisfies the Washington standard. Defendant maintains that this is a case of mistaken identity. In support of this theory, defendant attached Stuckey's affidavit to his petition, which he correctly asserts constitutes new evidence. Liles' statement, which is not notarized, was taken on August 26, 1997, prior to defendant's bench trial. Defendant had been allegedly mistaken for Stuckey once before in connection with being charged with alleged criminal conduct. However, defendant explains that he was unable to present the affidavit from Stuckey or his theory of mistaken identity in the earlier proceeding because the exculpatory information was not provided to him by Stuckey until May 19, 2002, which was after his first pro se petition was resolved. See Smith, 341 Ill.App.3d at 540, 276 Ill.Dec. 472, 794 N.E.2d 367. Thus, the record demonstrates good cause for failing to raise the claimed error in a prior proceeding. Tenner, 206 Ill.2d at 393, 276 Ill.Dec. 343, 794 N.E.2d 238.
We note the State argues that we should not consider the affidavit of Thomas Liles because it is not notarized. However, the State does not challenge the fact that Liles, an armed robbery victim in an unrelated case, mistook defendant for Stuckey in that armed robbery case. Liles recanted the identification and later identified Stuckey as one of the robbers. Defendant was found not guilty in that armed robbery case. Moreover, those unrebutted facts are also included in defendant's notarized post-conviction petition.
We find that the petition, together with the affidavit of Stuckey, satisfies the standard *245 set forth in Washington because the evidence is of such a conclusive character that it would probably change the result upon retrial. Thus, the record demonstrates actual prejudice from the alleged error in identification. Tenner, 206 Ill.2d at 393, 276 Ill.Dec. 343, 794 N.E.2d 238. We are mindful that at the first stage of the post-conviction proceedings all unrebutted, well-pleaded allegations are to be considered as true. Coleman, 183 Ill.2d at 388-89, 233 Ill.Dec. 789, 701 N.E.2d 1063.

CONCLUSION
At this stage of the post-conviction proceedings, the totality of the circumstances satisfies the actual innocence test as articulated in Washington, 171 Ill.2d at 489, 216 Ill.Dec. 773, 665 N.E.2d 1330. Those circumstances include, but are not limited to, the following: (1) the substantive information provided by the unrebutted affidavit of Larry Stuckey that Stuckey dropped the narcotics for which defendant was charged; (2) the timing of that disclosure by Stuckey on May 19, 2002; and (3) the unrebutted fact that Thomas Liles incorrectly identified defendant for Stuckey in an unrelated armed robbery case for which defendant was found not guilty. The fact that defendant was not informed by Stuckey until May 19, 2002, that Stuckey dropped the narcotics when the officer's car was approaching demonstrates defendant had good cause for failing to raise the claimed error in the prior proceeding. The unrebutted content of Stuckey's affidavit that he dropped the narcotics for which defendant was charged demonstrated actual prejudice. Defendant satisfied the cause and prejudice test, and as a result, fundamental fairness requires relaxing the procedural bar of waiver under Pitsonbarger, 205 Ill.2d at 458, 275 Ill.Dec. 838, 793 N.E.2d 609.
Moreover, for the reasons previously discussed, the petition and affidavit at this stage of the proceeding sufficiently provide newly discovered evidence demonstrating actual innocence. In this petition and affidavit defendant presented evidence that is new, material, noncumulative, and, most importantly, of such conclusive character that it would probably change the result upon retrial. Washington, 171 Ill.2d at 489, 216 Ill.Dec. 773, 665 N.E.2d 1330. We reverse the summary dismissal and remand for proceedings consistent with the second stage of the post-conviction proceeding as provided by the terms of the Act. 725 ILCS 5/122-5 (West 2002).
Under section 122-5 of the Act, which provides the procedures for the second stage of the post-conviction process, the State shall answer or move to dismiss the petition. 725 ILCS 5/122-5 (West 2002). If at the second stage a substantial showing of a constitutional violation is demonstrated, the petition is advanced to the third stage for an evidentiary hearing. 725 ILCS 5/122-6 (West 2002); Gaultney, 174 Ill.2d at 418, 221 Ill.Dec. 195, 675 N.E.2d 102. If the petition in the instant case survives the second stage then the court shall hold an evidentiary hearing under section 122-6 of the Act. 725 ILCS 5/122-6 (West 2002). We emphasize that we make no determination regarding whether the petition will survive the second stage of the post-conviction proceeding. Our holding is limited to the conclusion that the petition should be remanded for further consideration in accordance with sections 122-4 through 122-6 of the Act. 725 ILCS 5/122-1 et seq. (West 2002).
Reversed and remanded.
GALLAGHER and FITZGERALD SMITH, JJ., concur.