2020 IL App (1st) 171924-U

THIRD DIVISION
August 12, 2020

No. 1-17-1924

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 96 CR 25900 |
| | ) | |
| MARCEL JACOBS, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Michele M. Pitman, |
| | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Ellis and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court properly denied defendant leave to file his successive postconviction petition where the issues were barred by the doctrine of *res judicata*.

¶ 2    Defendant Marcel Jacobs appeals the trial court's denial of his motion for leave to file a successive postconviction petition, arguing that he has satisfied the cause and prejudice test because his postconviction appellate counsel was ineffective for failing to challenge defendant's conviction for aggravated criminal sexual assault on appeal from the dismissal of defendant's initial postconviction petition.

¶ 3      Following a bench trial in August 1997, defendant was found guilty of one count of aggravated criminal sexual assault, two counts of criminal sexual assault, one count of aggravated criminal sexual abuse, twelve counts of manufacturing child pornography, and four counts of possession of child pornography. The trial court subsequently sentenced defendant to a term of 45 years for the aggravated criminal sexual assault with a consecutive term of 15 years for the manufacture of child pornography.

¶ 4      The following is a summary of evidence presented at defendant's 1997 bench trial taken from this court's decision on defendant's direct appeal.

> "At trial, Jeffery Coakley testified that after performing a repair in an apartment leased to defendant, he discovered several photographs and a video cassette tape; which he believed depicted unlawful acts with a child. Coakley took four of the photographs as well as the video cassette tape and called the police.
>
> Hazel Crest Police Detective Gary A. Jones testified that he met Coakley on September 19, 1996, at which time Coakley gave him a number of photographs and a video cassette tape. Detective Jones then secured a search warrant for defendant's apartment. The warrant was executed later that evening. Detective Jones stated that a paper shredder, several thousand film negatives, hundreds of video cassette tapes and some adult magazines were discovered during the search.
>
> Assistant Cook County State's Attorney Alison Perona testified that she interviewed defendant at the Hazel Crest police station following his arrest. Defendant agreed to give a written statement concerning the photographs and

video cassette tapes found in his apartment. That statement, which defendant reviewed, corrected and signed, read, in part, as follows:

'[Defendant] states that he has been sexually attracted to photographs of young girls between the ages of five and eight since he was in high school. In particular, he enjoys looking under their dresses and at their panties. He finds sexual enjoyment and stimulation from these activities.

When [defendant] photographs or videos five to eight year[] old girls, he deliberately lifts their dresses so he can film or video their buttocks and panties for his sexual enjoyment. He saves these films and photos and masturbates to ejaculation as he later views these films and photos.

[Defendant] would transfer the photos or films to different formats ***. Many of the videos [and] photographs were transferred to different forms within the last year.

In 1989, [defendant] was scheduled to shoot photos of a girl whom he identified as [A.J.], approximately eight years old. He drove her to his home in Country Club Hills, Illinois. Her mother gave a change of two dresses for her.

During the photo shoot, [defendant] realized that [A.J.] was very comfortable with him, and she let him pose her in many differen[t] ways. He videoed and photographed her in the session. During this session, [defendant] pulled her underwear tightly into the cheeks of her [buttocks]

like a thong. He then put his hand into her genital [and] anal area. He did

this so he could later view the film to sexually arouse himself and relive

the experience. [Defendant] saw and identified this film in the Hazel Crest

police station as the film he originally made in 1989.

*** 

[Defendant] stated he has lived in his apartment alone for the last

two years. He admitted that he began shredding photos of young girls***

on September 19, 1996, because he believed the police were investigating

him. He had shredded two large bags of photos when the police arrived to

serve the search warrant.' "

¶ 5    The State rested after this evidence. Defendant moved for a directed finding and argued

the State had failed to prove that he placed his fingers in A.J.'s vagina or anus. The trial court

denied the motion. Defendant rested without presenting any additional evidence. Following

arguments, the trial court found defendant guilty of all charges. In its ruling, the court made the

following statement:

"I have reviewed all the evidence. I have looked at each of the

photographs. I have watched the video tape portions that were presented to this

Court. This Court is convinced beyond any reasonable doubt that the defendant is

guilty of all charges that are in this Indictment.

The evidence portraying this defendant manipulating his fingers into a –

into the area of the anus and the vaginal area on this small child clearly shows that

as he does this, that he pushes his fingers up into this area making more than

4

incidental contact, rubbing his fingers, moving them in and out, in an in-and-out manner is clearly depicted on the tape.

This defendant, because she had a thin pair of panties on, it's no different than someone who may commit an act of sexual penetration if he were – if a man was to have vaginal or anal intercourse with someone and saying that he didn't actually touch them because he was wearing a prophylactic. That is ludicrous.

This defendant, the evidence of this defendant on these charges is overwhelming. Overwhelming, I, therefore, enter a finding of guilty as to each and every one of these charges." *People v. Jacobs*, No. 1-97-3957, 2-4 (1999) (unpublished order under Supreme Court Rule 23).

¶ 6　In his motion for a new trial, defendant argued that the indictment alleged defendant penetrated the vagina or anus of the victim with his finger, but the evidence in the video tape did not show actual penetration and "any objective observer must *speculate* to conclude that penetration even occurred." (Emphasis in original.) The trial court denied defendant's motion.

¶ 7　On direct appeal, defendant raised multiple claims, including an argument that the State failed to prove him guilty beyond a reasonable doubt of aggravated criminal sexual assault because the video tapes of defendant's assault of A.J. did not show any intrusion into her vagina or anus. The court rejected defendant's challenge to the sufficiency of the evidence.

"Here, two video cassette tapes were introduced into evidence. Each tape depicted the same encounter between defendant and A.J., a then-seven-year-old girl. Each tape has been carefully reviewed. Simply stated, when viewed in a light most favorable to the State, those tapes contain evidence sufficient to justify the

conclusion of the circuit court that defendant committed the offense of aggravated criminal sexual assault beyond a reasonable doubt." *Id*. at 6.

The reviewing court affirmed defendant's conviction and sentence, but vacated a fine. *Id*. at 13.

¶ 8        In August 2000, defendant filed his initial *pro se* postconviction petition alleging that he was denied the effective assistance of counsel at trial and during sentencing, and that his sixth amendment right to confront witnesses was also violated.  In June 2001, the trial court appointed counsel to represent defendant, who filed an "additional issue" to his *pro se* postconviction petition alleging that defendant's sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The State filed a motion to dismiss the petition and additional issue.

¶ 9        Following several continuances, in November 2006, defendant filed a *pro se* additional issue alleging that his aggravated criminal sexual assault conviction should be reversed based on the Illinois Supreme Court's decision in *People v. Maggette*, 195 Ill. 2d 336 (2001). *Maggette* clarified that contact touching by a hand to a sex organ of a victim was insufficient to meet the statutory definition of "sexual penetration," where no intrusion into the sex organ was alleged. *Id*. at 346-47. According to defendant, the act of sexual penetration was not proven beyond a reasonable doubt at his trial because the evidence was insufficient to show there was an intrusion into the vagina or anus of the victim.

¶ 10        In March 2007, postconviction counsel filed a second supplemental postconviction petition alleging the ineffective assistance of defendant's trial counsel for failure to call mitigating witnesses at trial. The State subsequently moved to dismiss defendant's postconviction petition. The State specifically argued that defendant's claim regarding the failure to prove sexual penetration was *res judicata* because this argument was raised and rejected on direct appeal. Following a hearing in January 2008, the trial court dismissed defendant's

postconviction petition and made the following statements regarding defendant's claim of reasonable doubt.

> "Next, with regard to the portion of the motion to dismiss that addresses the additional issue filed by the defendant November 17th of 2006, the defendant once again contests the sexual penetration in this matter. The Court finds, first and foremost, I have read the Appellate Court opinion. I have read what Judge Nealis said at [defendant's] sentencing hearing, and I have read the records.

> First, the Appellate Court has found, and they viewed the tape, and defense has asked this Court again to review the tape that is in evidence. The Appellate Court found – clearly, they addressed it and found that there was penetration by the defendant of the young victim in this matter. Judge Nealis in his findings found that there was penetration of the young victim in this matter. Both the Appellate Court and the trial judge reviewed the tape. The Court, this Court has not reviewed the tape.

> Number one, this issue has been decided. The defendant is barred by the doctrine of res judicata in this matter and waiver. The issue has been decided on appeal. There is nothing to ---that this Court needs to decide at this point. That issue has been decided, and he is barred from this Court deciding that issue by the doctrine of res judicata."

¶ 11 Defendant appealed the trial court's second-stage dismissal of his postconviction petition. In his appeal, defendant argued that his postconviction petition made a substantial showing that his trial attorney rendered ineffective assistance by failing to call witnesses to testify in mitigation at his sentencing hearing. This court affirmed the trial court's dismissal of his

postconviction petition. *People v. Jacobs*, No. 1-08-0306 (2009) (unpublished order under

Supreme Court Rule 23).

¶ 12    In March 2017, defendant filed a *pro se* motion for leave to file a successive

postconviction petition and argued he satisfied the cause and prejudice test because: (1) the trial

court erred in dismissing his sufficiency of the evidence claim as *res judicata*; (2) his

postconviction trial and appellate counsel were both ineffective for failing to challenge the

dismissal of the sufficiency of the evidence claim as *res judicata*; and (3) his sufficiency of the

evidence argument presented a colorable claim of actual innocence. His *pro se* petition asserted

that he was actually innocent based on the holding in *Maggette* and the evidence presented at

trial. In May 2017, defendant filed a *pro se* additional issue for his successive petition arguing

that the trial court erred in admitting the videotape of the crimes without foundation.

¶ 13    In June 2017, the trial court denied defendant's motion for leave to file his successive

postconviction petition. The court held that defendant did not satisfy the cause and prejudice test

and made the following findings.

> "The defendant does not show to this Court why he should be allowed to
> file a successive post-conviction petition.
>
> He sites [*sic*] one case in particular, that being *People v. Magette* [*sic*]***
> 195 Ill.2d. 336, a 2001 case. The defendant indicates there is new matter that the
> Court should consider in determining this post-conviction petition.
>
> The defendant cited *People v. Magette* [*sic*] in his original petition in
> 2006. It was cited as an additional issue. The Court has already dealt with this
> issue with the defendant.
>
> In addition, the defendant certainly does not -- he does not demonstrate

cause to allow the successive petition.

He does not pass the cause and prejudice standard which this Court must find for the defendant to be allowed to file what is a successive post-conviction petition since the defendant has already brought issues before this Court in a post-conviction petition that has been denied, has been affirmed by the Illinois Appellate Court."

¶ 14    This appeal follows.

¶ 15    On appeal, defendant argues that the trial court erred in denying him leave to file his successive postconviction petition because he satisfied the cause and prejudice test. According to defendant, he established cause due to his postconviction appellate counsel's ineffectiveness for failing to present the sufficiency of evidence issue on appeal and prejudice was satisfied because the State failed to prove a required element of aggravated criminal sexual assault, sexual penetration, based on the holding in *Maggette*.

¶ 16    The Illinois Post-Conviction Hearing Act (Post-Conviction Act) (725 ILCS 5/122-1 to 122-8 (West 2016)) provides a tool by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both.  725 ILCS 5/122-1(a) (West 2016); *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998).  Postconviction relief is limited to constitutional deprivations that occurred at the original trial.  *Id.* at 380.  "A proceeding brought under the [Post-Conviction Act] is not an appeal of a defendant's underlying judgment.  Rather, it is a collateral attack on the judgment."  *People v. Evans*, 186 Ill. 2d 83, 89 (1999).

¶ 17    Only one postconviction proceeding is contemplated under the Act (*People v. Edwards*, 2012 IL 111711, ¶ 22) and a defendant seeking to file a successive postconviction petition must

first obtain leave of court (*People v. Tidwell*, 236 Ill. 2d 150, 157 (2010)). The bar against successive postconviction proceedings should not be relaxed unless: (1) a defendant can establish "cause and prejudice" for the failure to raise the claim earlier; or (2) he can show actual innocence under the "fundamental miscarriage of justice" exception. *Edwards*, 2012 IL 111711, ¶¶ 22, 23; *People v. Smith,* 2014 IL 115946, ¶ 34.

¶ 18     The cause and prejudice standard is higher than the normal first-stage "frivolous or patently without merit" standard applied to initial petitions. *Edwards,* 2012 IL 111711, ¶¶ 25-29; *Smith,* 2014 IL 115946, ¶ 34 ("the cause-and-prejudice test for a successive petition involves a higher standard than the first-stage frivolous or patently without merit standard that is set forth in section 122-2.1(a)(2) of the Act"). Under the cause and prejudice test, a defendant must establish both: (1) cause for his or her failure to raise the claim earlier; and (2) prejudice stemming from his or her failure to do so. *Edwards,* 2012 IL 111711, ¶ 22 (citing *People v. Pitsonbarger,* 205 Ill. 2d 444, 459 (2002)). "A defendant shows cause 'by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings.' " *People v. Wrice*, 2012 IL 111860, ¶ 48 (quoting 725 ILCS 5/122-1(f) (West 2014)). In other words, to establish "cause" a defendant must articulate why he could not have discovered the claim earlier through the exercise of due diligence. *People v. Wideman*, 2016 IL App (1st) 123092, ¶ 72. A defendant shows prejudice by demonstrating that the claim so infected the trial that the resulting conviction or sentence violated due process. *Wrice*, 2012 IL 111860, ¶ 48 " '[I]ssues that were raised and decided on direct appeal are barred from consideration by the doctrine of *res judicata;* issues that could have been raised, but were not, are considered waived.' " *People v. Allen*, 2015 IL 113135, ¶ 20 (quoting *People v. Pitsonbarger,* 205 Ill. 2d 444, 456 (2002)). "A ruling on an initial post-conviction petition has *res judicata* effect with

respect to all claims that were raised or could have been raised on the initial petition." *People v. Orange*, 195 Ill. 2d 437, 449 (2001).

¶ 19    Here, defendant contends that he was not barred by *res judicata* for his sufficiency of the evidence claim because his postconviction appellate counsel was ineffective for failing to raise the issue on appeal. Though framed as an ineffective assistance claim, the crux of defendant's argument remains the same as in his initial postconviction, *i.e.*, his contention that the holding in *Maggette*, which was issued after defendant's direct appeal, changed the law regarding the element of "sexual penetration" for the charge of aggravated criminal sexual assault. We reject defendant's argument and find the claims barred by *res judicata* for the reasons that follow.

¶ 20    At the time the offenses occurred in 1989, a person committed the offense of aggravated criminal sexual assault when "the accused was 17 years of age or over and commit[ted] an act of sexual penetration with a victim who was under 13 years of age when the act was committed." Ill. Rev. Stat. 1989, ch. 38, par. 12-14(b)(1). Under section 12-12(f) of the Criminal Code of 1961 (Code), "sexual penetration" was defined as

> "any contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." Ill. Rev. Stat. 1989, ch. 38, par. 12-12(f).

¶ 21    As he does in this appeal, defendant argued in his initial postconviction petition that the Illinois Supreme Court's decision in *Maggette*, 195 Ill. 2d 336, constituted a change in the law. In *Maggette*, the defendant was charged with criminal sexual assault based on conduct where he

placed the victim's hand on his penis and where he rubbed the victim's vagina through her clothing. *Maggette*, 195 Ill. 2d at 347. The issue before the supreme court was whether a hand or finger constituted an "object" under the definition of sexual penetration. In construing the statutory definition of sexual penetration, the *Maggette* court interpreted the definition to encompass two broad categories of conduct. *Id*. at 346-47. The first category included any contact between the sex organ or anus of one person and an object, sex organ, mouth, or anus of another person (the contact clause). *Id*. at 347. The second category included any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person (the intrusion clause). *Id*. The supreme court concluded that the word "object" in the contact clause was limited to inanimate objects, and hands or fingers were not objects. *Id*. at 349-50. Thus, the supreme court in *Maggette* limited the definition of sexual penetration with a hand or finger to situations where actual intrusion occurred, not mere contact.

¶ 22   According to defendant, his actions were not sufficient to establish sexual penetration, as set forth under *Maggette*, and his conviction for aggravated criminal sexual assault cannot stand. We disagree and find defendant's reliance on *Maggette* to be misplaced. *Maggette* involved the contact clause in the statutory definition of sexual penetration, but in this case, defendant was clearly charged under the intrusion clause of sexual penetration.

¶ 23   The indictment for aggravated criminal sexual assault alleged that defendant:

> "WAS SEVENTEEN YEARS OF AGE OR OVER AND COMMITTED AN ACT OF SEXUAL PENETRATION UPON [A.J.], TO WIT: AN INTRUSION IN THAT [DEFENDANT] INSERTED HIS FINGERS INTO [A.J.'S] VAGINA OR ANUS AND [A.J.] WAS UNDER THIRTEEN YEARS OF AGE WHEN THE ACT OF SEXUAL PENETRATION WAS COMMITTED."

The charging instrument specifically alleged an intrusion into the victim's vagina.

¶ 24    Under this indictment, the State was required to prove beyond a reasonable doubt that defendant "inserted" his fingers into the victim's vagina. At his trial, defendant asserted that the State had failed to prove that he had inserted his fingers into A.J.'s vagina. The trial court reviewed the videotape of the sexual assault and found that the evidence "clearly" showed that defendant "manipulate[ed] his fingers" into the area of A.J.'s vagina and anus and he "pushe[d] his fingers up into this area making more than incidental contact, rubbing his fingers, moving them in and out, in an in-and-out manner is clearly depicted on the tape." Later, defendant challenged the sufficiency of the evidence on appeal and asserted that the videotapes did not show any intrusion into A.J.'s vagina or anus. The reviewing court disagreed and after it "carefully reviewed" the videotapes of the sexual assault, held that "those tapes contain evidence sufficient to justify the conclusion" of the trial court that defendant committed the offense of aggravated criminal sexual assault. *Jacobs*, No. 1-97-3957, at 6. Since defendant has already litigated this challenge to the sufficiency of the evidence, defendant's successive postconviction petition is barred from consideration by the doctrine of *res judicata*. *People v. Allen*, 2015 IL 113135, ¶ 20.

¶ 25    Because defendant's claim of ineffective assistance of postconviction appellate counsel was premised on the failure to raise a claim barred by *res judicata*, this claim is without merit. See *People v. Simms*, 192 Ill. 2d 348, 360 (2000) (a defendant "may not avoid the bar of *res judicata* simply by rephrasing issues previously addressed on direct appeal); *People v. Ward*, 187 Ill. 2d 249, 259-60 (1999) (a claim of ineffective assistance of appellate counsel cannot prevail when the underlying claim lacks merit). Accordingly, since defendant cannot satisfy the cause and prejudice test, the trial court properly denied defendant leave to file his successive

postconviction petition.

¶ 26    Based on the foregoing reasons, we affirm the decision of the circuit court of Cook

County.

¶ 27    Affirmed.