NOTICE
Decision filed 06/27/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190275-U

NO. 5-19-0275

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 13-CF-168 |
| | ) | |
| NICHOLAS J. BOOMER, | ) | Honorable |
| | ) | Brian D. Lewis, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WHARTON delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because the record fails to affirmatively show that postconviction counsel substantially complied with Illinois Supreme Court Rule 651, the circuit court's order dismissing the defendant's postconviction petition is vacated and the cause is remanded for new second-stage postconviction proceedings and substantial compliance with Rule 651(c).

¶ 2    The defendant, Nicholas J. Boomer, appeals the second-stage dismissal of his postconviction petition. He argues that his petition made a substantial showing that his constitutional rights were violated where he was denied the effective assistance of plea counsel and where the circuit court failed to conduct an independent inquiry into his fitness to plead or stand trial. The State responds that remand is required because the record fails to affirmatively show that postconviction counsel substantially complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). We agree with the State.

1

¶ 3                                    BACKGROUND

¶ 4      The defendant pled guilty to two counts of aggravated criminal sexual assault in exchange for consecutive sentences totaling 35 years' imprisonment. He did not file a direct appeal.

¶ 5      The defendant later filed *pro se* a petition for postconviction relief pursuant to section 122-1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2018)). The circuit court advanced the petition to the second stage of postconviction proceedings and appointed counsel. Appointed counsel later withdrew when the defendant retained private counsel. Retained counsel filed an amended postconviction petition alleging (1) that the defendant was not fit to stand trial or plead and that the court failed to "independently inquire into the [d]efendant's fitness" when he pleaded guilty and (2) ineffective assistance of trial counsel in requesting/allowing defendant's second fitness evaluation (which continued to find defendant fit to stand trial or plead) to be completed by the same doctor who performed the first evaluation. The State filed a motion to dismiss with a memorandum of law. The court granted the State's motion and dismissed the amended postconviction petition. The defendant's motion to reconsider was denied and this timely appeal followed.

¶ 6                                     ANALYSIS

¶ 7      On appeal, the defendant argues that his amended postconviction petition demonstrated a substantial denial of his constitutional rights in that (1) he was denied the effective assistance of trial counsel where counsel requested/allowed a second fitness evaluation to be completed by the same doctor who had performed the first fitness evaluation, and (2) the trial court did not make an independent evaluation into his fitness when he pled guilty.[1] The State does not respond to these

_____

[1]The defendant is represented on appeal by the same attorney who filed the amended postconviction petition.

arguments. Instead, the State argues that remand is required because the record fails to show that postconviction counsel complied with the requirements of Rule 651(c). Although the defendant has not raised the issue of Rule 651(c) compliance, we may reach the issue pursuant to Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967). See *People v. Treadway*, 245 Ill. App. 3d 1023, 1027 (1993) (holding that although neither party had raised the issue of Rule 651(c) compliance, the court could consider the issue as a matter of plain error because compliance with Rule 651(c) is necessary for proper review of the proceedings).

¶ 8　　The Act allows a person convicted of a crime to "assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Coleman*, 183 Ill. 2d 366, 379 (1998). The Act provides a three-stage process for dealing with postconviction petitions. *People v. Tate*, 2012 IL 112214, ¶ 9. At the first stage, the court must independently review the petition and determine whether it is "frivolous or patently without merit." *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). If the court determines that the petition is frivolous or patently without merit, it must dismiss the petition by written order. *Id*. If the court does not dismiss the petition as being frivolous or patently without merit, the petition moves to the second stage of postconviction proceedings where counsel may be appointed for an indigent defendant and where the State files an answer to the petition or a motion to dismiss. *People v. Hodges*, 234 Ill. 2d 1, 10-11 (2009). The court must then determine whether the petition, supported by the record and any accompanying affidavits, alleges a substantial showing of a constitutional violation. *People v. Turner*, 2012 IL App (2d) 100819, ¶ 19. A third-stage evidentiary "hearing is required whenever the petitioner makes a substantial showing of a violation of constitutional rights." *Coleman*, 183 Ill. 2d at 381.

¶ 9    The Act entitles defendants to a "reasonable" level of assistance of counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure this level of assistance, Rule 651(c) imposes three duties on postconviction counsel. *Id.* Rule 651(c) provides in relevant part:

> "The record filed in that court *shall contain a showing, which may be made by the certificate of petitioner's attorney*, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." (Emphasis added.) Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

Postconviction counsel's filing of a certificate of compliance with Rule 651(c) creates a rebuttable presumption that counsel fulfilled his or her duties under the rule. *People v. Carrizoza*, 2018 IL App (3d) 160051, ¶ 13. Where counsel does not file a certificate of compliance the record must affirmatively demonstrate that counsel substantially complied with the rule. *Id.*; *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Our supreme court has stated that "the text of the rule does not distinguish between appointed and retained counsel" and that "Rule 651(c) is applicable *** when a defendant who files a *pro se* post-conviction petition is later represented by retained counsel." *People v. Richmond*, 188 Ill. 2d 376, 380-81 (1999).

¶ 10    The purpose " 'underlying Rule 651(c) is not merely formal. It is to ensure that all indigents are provided proper representation when presenting claims of constitutional deprivation under the Post-Conviction Hearing Act. [Citation.] The fulfillment of this design would not be encouraged were we to ignore the rule's nonobservance in those cases appealed to this court.' " *People v. Suarez*, 224 Ill. 2d 37, 47 (2007) (quoting *People v. Brown*, 52 Ill. 2d 227, 230 (1972)).

¶ 11     The Illinois Supreme Court "has consistently held that remand is required where postconviction counsel failed to fulfill the duties of [1] consultation, [2] examining the record, and [3] amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit. See, *e.g.*, *People v. Wales*, 46 Ill. 2d 79 (1970); *People v. Barnes*, 40 Ill. 2d 383 (1968); *People v. Ford*, 40 Ill. 2d 440 (1968); *People v. Wilson*, 40 Ill. 2d 378 (1968); *People v. Craig*, 40 Ill. 2d 466 (1968); *People v. Tyner*, 40 Ill. 2d 1 (1968)." *Suarez*, 224 Ill. 2d at 47.

¶ 12     Here, postconviction counsel did not file a certificate of compliance with Rule 651(c), and while the record reveals that counsel amended the defendant's postconviction petition, there is no showing in the record that postconviction counsel substantially complied with the other two requirements of Rule 651(c). Because the record does not affirmatively demonstrate that counsel provided the level of assistance contemplated by the Act, this cause must be remanded for new second-stage postconviction proceedings, including substantial compliance with Rule 651(c).

¶ 13                                         CONCLUSION

¶ 14     For the foregoing reasons, we vacate the circuit court's order dismissing the defendant's postconviction petition, and we remand the cause for new second-stage postconviction proceedings, including substantial compliance with Rule 651(c).

¶ 15     Vacated and remanded.

5