NOTICE

Decision filed 08/06/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230107-U

NO. 5-23-0107

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 13-CF-168 |
| | ) | |
| NICHOLAS J. BOOMER, | ) | Honorable |
| | ) | Michelle M. Schafer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Vaughan and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: Dismissal of defendant's postconviction petition is affirmed, where defendant's petition failed to make a substantial showing of a constitutional violation.

¶ 2    Defendant, Nicholas J. Boomer, appeals the Williamson County circuit court's order granting the State's motion to dismiss defendant's amended petition for postconviction relief. He argues that his petition made a substantial showing that his constitutional rights were violated where he was denied effective assistance of plea counsel and the circuit court failed to inquire into defendant's fitness to plead or stand trial. For the following reasons, we affirm.

¶ 3                                        I. Background

¶ 4    On April 10, 2013, the State charged defendant by information with four counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(2) (West 2012)), Class X felonies,

1

alleging that defendant, on April 5, 2013, punched the victim, Nicole Franklin, in the face and side of the head, causing bodily harm, and placed his penis in the victim's mouth (count I), vagina (count II), and anus (count III), as well as placed his fingers in the victim's vagina (count IV).

¶ 5    On April 23, 2013, defendant's counsel, Attorney Alex Fine, filed a motion for fitness examination, requesting that the circuit court appoint Dr. Fred Klug, a clinical psychologist, for the purpose of conducting an examination of defendant's fitness. Attorney Fine did not allege a *bona fide* doubt as to defendant's fitness. The next day, on April 24, 2013, the court entered an order, pursuant to section 104-11(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/104-11(b) (West 2012)), appointing Dr. Klug to examine defendant to determine his fitness to stand trial or plead.

¶ 6    On April 26, 2013, Dr. Klug conducted a psychological examination of defendant and later submitted a report to the circuit court, dated June 28, 2013, finding defendant fit to stand trial. Specifically, Dr. Klug determined that defendant had substantial capacity to appreciate the criminality of his conduct at the time of the offense and to conform his conduct to the requirements of the law at that time. According to Dr. Klug, defendant's "major problem appears related to his abuse of psychoactive substances and his failure to adapt to an adult lifestyle."

¶ 7    On July 12, 2013, the circuit court held a fitness hearing. The parties stipulated to Dr. Klug's June 28, 2013, report, and the court found defendant fit to stand trial or plead.

¶ 8    On September 6, 2013, Attorney Fine filed a motion for supplemental fitness exam, requesting the circuit court appoint Dr. Klug to reevaluate defendant's fitness. Attorney Fine asserted that, following Dr. Klug's initial report, defendant's "family members have reported to counsel that the Defendant *** appeared confused and disoriented, and they believe that the Defendant has deteriorated mentally since the performance of the initial Fitness evaluation."

2

Attorney Fine referenced that a supplemental evaluation of defendant was necessary to determine if defendant had deteriorated since the first fitness evaluation, rendering him unfit to enter into a negotiated disposition with the State. Attorney Fine did not allege a *bona fide* doubt as to defendant's fitness. The court subsequently entered a supplemental order for a fitness examination and appointed Dr. Klug to conduct a second psychological examination of defendant, which Dr. Klug performed on September 12 and 19, 2013.

¶ 9       On September 23, 2013, Dr. Klug submitted a second report to the circuit court finding defendant fit to plead or stand trial. Dr. Klug opined that defendant understood the ramifications of accepting or rejecting the State's plea offer, and he believed defendant competent to plead to the charges and be sentenced by the court.

¶ 10      On October 1, 2013, the circuit court held a fitness hearing. From the outset, the parties stipulated to Dr. Klug's September 23, 2013, supplemental fitness report. Attorney Fine then asserted that defendant wished to enter into a negotiated plea with the State on counts I and II. Prior to defendant entering his plea of guilt, Attorney Fine informed the court that he and defendant reviewed Dr. Klug's September 23, 2013, fitness report prior to the hearing. The court then questioned defendant. The court asked defendant if he and Attorney Fine reviewed the report. Defendant, who confirmed that he could read and write, stated in the affirmative. The court then stated, "Okay. And you feel like you're fit to proceed today and negotiate this case and plead guilty?" Defendant stated, "Yes, sir." The court stated the following on the record:

> "THE COURT: Okay. All right. I've watched the defendant, observed him here in court, and I've talked to him here in court. He's obviously oriented and understands my questions, answers them appropriately, and based on my review of the stipulated report, conclusions and recommendations and findings, factual findings stated in that report, the

3

court finds the defendant is fit for trial and/or to plead and sentencing. So[,] I will accept

Dr. Klug's recommendation and incorporate that in my findings and find that he's fit."

The State then presented to the court that defendant wished to plead guilty to counts I and II, in exchange for the State's dismissal of counts III and IV. The State recommended that the court sentence defendant to 20 years on count I and 15 years on count II to be served consecutively, with 3 years to natural life of mandatory supervised release (MSR). The court then asked defendant if he understood the plea negotiations and the sentencing terms. Defendant understood. Defendant stated that he voluntarily, knowingly, and under no threat of force pled guilty to counts I and II. The court accepted defendant's plea of guilt. The court then accepted the terms of the negotiated plea and sentenced defendant to 35 years in prison followed by 3 years to natural life of MSR. On October 25, 2013, the court entered a written order sentencing defendant to 35 years in prison. Defendant did not file a direct appeal.

¶ 11 On November 19, 2014, defendant filed a *pro se* petition for postconviction relief pursuant to section 122-1 of the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)). Defendant's petition acknowledged that he did not file a direct appeal. He argued that trial counsel denied him effective assistance of counsel by advising defendant to plead guilty, in violation of defendant's rights under the sixth and fourteenth amendments. The circuit court advanced defendant's petition to the second stage of postconviction proceedings and appointed defendant counsel. Appointed counsel later withdrew after defendant retained private counsel.

¶ 12 On September 4, 2018, counsel filed an amended petition for postconviction relief, alleging the following: (1) defendant was not fit to stand trial or plead and the court failed to "independently inquire into the [d]efendant's fitness" at the second fitness hearing immediately preceding defendant's plea of guilty, in violation of his fourteenth amendment rights, and (2) trial counsel

4

rendered ineffective assistance of counsel by requesting and allowing the completion of defendant's second fitness evaluation by Dr. Klug—the same doctor who performed defendant's first evaluation, in violation of his sixth amendment rights.

¶ 13    On November 28, 2018, the State filed a motion to dismiss defendant's amended petition for postconviction relief with a memorandum of law, which the circuit court granted on April 23, 2019. The court's April 23, 2019, docket entry stated the following:

"AFTER REVIEW, THE COURT FINDS THAT THE STATE'S MOTION TO DISMISS IS GRANTED. THERE IS NO QUESTION THAT AT THE TIME OF THE PLEA, THE DEFENDANT WAS FIT TO STAND TRIAL, FIT TO PARTICIPATE IN HIS DEFENSE, UNDERSTOOD WHAT HE WAS DOING, AND THE CONSEQUENCES THEREOF. THE FACT THAT DR. KLUG HAD PREVIOUSLY EXAMINED THE DEFENDANT, IN NO WAY CASTS ASPERSIONS ON DR. KLUG'S ABILITY OR CONCLUSIONS. ACTUALLY, HAVING EXAMINED THE DEFENDANT PREVIOUSLY, DR. KLUG WOULD HAVE BEEN IN A SUPERIOR POSITION TO DETERMINE IF THERE HAD BEEN A DETERIORATION IN THE DEFENDANT'S CONDITION. BY REQUESTING A SECOND EXAMINATION BY DR. KLUG, ATTY. FINE DID ABSOLUTELY NOTHING IMPROPER, OR IN ANY WAY, FAILED IN HIS OBLIGATION TO REPRESENT THE DEFENDANT."

¶ 14    On May 23, 2019, defendant filed a motion to reconsider, which the circuit court denied on June 7, 2019. Defendant filed a timely notice of appeal. On appeal before this court, the State conceded, and this court agreed, that remand was required because the record failed to affirmatively show that postconviction counsel substantially complied with Illinois Supreme Court

Rule 651(c) (eff. July 1, 2017). *People v. Boomer*, 2022 IL App (5th) 190275-U. On August 8, 2022, the appellate court issued its mandate.

¶ 15    On January 3, 2023, the circuit court held a second stage postconviction hearing. Neither party presented additional evidence or testimony. Defendant's postconviction counsel stood on defendant's September 4, 2018, amended postconviction petition, and the State stood on its November 28, 2018, motion to dismiss. On January 5, 2023, defendant's postconviction counsel filed a Rule 651(c) certificate.

¶ 16    On January 26, 2023, the circuit court entered a written order granting the State's motion to dismiss. With regard to defendant's fitness to stand trial, the court noted that defendant likely suffered from mental health conditions in the past. The court stated, however, that "there was no allegation that a *bona fide* doubt existed" concerning defendant's fitness. Instead, Attorney Fine requested an examination of defendant, pursuant to section 104-11(b) of the Code, to determine, prior to trial, whether a *bona fide* doubt existed as to defendant's fitness. On two occasions, Dr. Klug found defendant fit and the court accepted Dr. Klug's report and opinion. The court also engaged in conversation with defendant and indicated that defendant's responses were "rational and content appropriate." Next, the court determined that no evidence supported a finding that Attorney Fine's conduct fell below an objective standard of reasonableness because it "seem[ed] only logical that Dr. Klug should engage in the reevaluation" of defendant. The court also determined "insufficient evidence" existed to prove defendant suffered prejudice, where the record demonstrated that the court admonished defendant, on the record, prior to and during the negotiated plea to ensure defendant understood the proposed negotiation, accepted the terms, and wished to enter into the negotiated plea. Based on the above, the court determined that defendant

failed to make a substantial showing of a constitutional violation. Defendant filed a timely notice of appeal.

¶ 17                                    II. Analysis

¶ 18    On appeal, defendant argues that his amended postconviction petition demonstrated a substantial denial of his constitutional rights in that (1) he was denied the effective assistance of plea counsel, in violation of his sixth amendment rights, where counsel failed to object when the circuit court appointed Dr. Klug to perform a second fitness evaluation of defendant; and (2) the circuit court failed to conduct an inquiry into his fitness to plead or stand trial at the second fitness hearing prior to entering his guilty plea, in violation of his fourteenth amendment rights. We disagree.

¶ 19    Initially, although neither party raises this issue, we first address several deficiencies with defendant's opening brief. Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) requires a statement of facts to contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal. Defendant fails to support his statement of facts throughout by references to pages in the record on appeal. In fact, defendant's brief contains very limited page references to the record on appeal in violation of Rule 341(h)(6). Because defendant's violation does not hinder our review of the case, we will neither strike his statement of facts nor dismiss the appeal. See *Szczesniak v. CJC Auto Parts, Inc.*, 2014 IL App (2d) 130636, ¶ 8. We, however, admonish counsel to carefully follow the requirements of the supreme court in future submissions.

¶ 20    Next, we address Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), which requires that an appellant's brief "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." "It is well settled that *** bare

7

contentions that fail to cite any authority do not merit considerations on appeal." *In re Marriage of Johnson*, 2011 IL App (1st) 102826, ¶ 25. The second issue raised by defendant in his opening brief (right to effective counsel) failed to provide legal argument and reasoning, as well as citation to legal authority and the record. See *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009) (failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned argument violates Rule 341(h)(7) and results in waiver of that argument). We recognize that defendant cites to the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant, however, requests that this court find, without citation to additional legal authority and the record, that trial counsel rendered ineffective assistance of counsel by "lean[ing] on common sense." Because defendant failed to raise this issue adequately, we find defendant has forfeited this issue and decline to address it in this appeal. See *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12 (this court has discretion to strike an appellant's brief and dismiss an appeal for failure to comply with the applicable rules of appellate procedure). Again, we find it important to admonish counsel to carefully follow the requirements of the supreme court in future submissions.

¶ 21    We address defendant's argument that he made a substantial showing that the circuit court violated his constitutional right to due process under the fourteenth amendment, where sufficient evidence demonstrated that the court erred when it failed to inquire into defendant's fitness prior to defendant entering his guilty plea. We disagree with defendant's argument.

¶ 22    The Post-Conviction Hearing Act provides a means by which a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). "To be entitled to postconviction relief, a defendant must show that he has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged." *Id*. A postconviction

8

proceeding does not substitute for a direct appeal but instead "offers a mechanism for a criminal defendant to assert a collateral attack on a final judgment." *People v. Robinson*, 2020 IL 123849, ¶ 42.

¶ 23    Proceedings under the Post-Conviction Hearing Act are divided into three stages. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). At the first stage, the circuit court may dismiss a postconviction petition that is "frivolous or *** patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). If the circuit court does not dismiss the petition at the first stage, it advances to the second stage where the court may appoint counsel to represent the defendant. *Id.* § 122-2.1(b); *People v. Bailey*, 2017 IL 121450, ¶ 18. At the second stage, the defendant must make a substantial showing of a constitutional violation. *People v. Domagala*, 2013 IL 113688, ¶ 33. Such a showing is made when the petition's well-pled allegations, if proven at an evidentiary hearing, would entitle the defendant to relief. *Id.* ¶ 35. The trial court does not engage in fact-finding or credibility determinations at this stage; rather, all well-pleaded facts not positively rebutted by the original trial record are taken as true. *Id.* Also, the State may file a motion to dismiss or answer the petition. 725 ILCS 5/122-5 (West 2020). "If the State moves to dismiss, the trial court may hold a dismissal hearing, which is still part of the second stage." *People v. Wheeler*, 392 Ill. App. 3d 303, 308 (2009) (citing *People v. Coleman*, 183 Ill. 2d 366, 380-81 (1998)). If the petition fails to make a substantial showing of a constitutional violation, it is dismissed. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). This court reviews the circuit court's determination at the second stage *de novo*. *Pendleton*, 223 Ill. 2d at 473.

¶ 24    In the present case, defendant's postconviction petition advanced to the second stage, and postconviction counsel filed an amended petition on defendant's behalf. After the State moved to dismiss defendant's amended petition, the circuit court granted the State's motion. However, as

the court pointed out, "there was no allegation that a *bona fide* doubt existed" concerning defendant's fitness. Instead, Attorney Fine requested an examination of defendant, pursuant to section 104-11(b) of the Code, to determine, prior to trial, whether a *bona fide* doubt existed as to defendant's fitness. As the State correctly points out on appeal, the circuit court has discretion under section 104-11(b) of the Code to grant a defendant's request of an expert to aid in the determination of whether a *bona fide* doubt exists, because "section 104-11(b) aids the trial court in deciding whether there is a *bona fide* doubt of fitness." *People v. Hanson*, 212 Ill. 2d 212, 217-18 (2004). The mere fact that the circuit court granted a request for a fitness examination is not evidence that the court possessed a *bona fide* doubt as to defendant's fitness. *Id.* at 224. The record does not support that there was ever a *bona fide* doubt as to defendant's fitness to stand trial or plead in the first place on the part of the court, the State, or defense counsel. Where, as here, "a court orders an evaluation without *first* deciding that a *bona fide* doubt of fitness has been raised, it is procedurally proper for it to conclude solely from the examination's results that no such doubt exists. In other words, in such cases, no fitness hearing is necessary." (Emphasis in original.) *People v. Scott*, 2020 IL App (2d) 180378, ¶ 19 (citing *Hanson*, 212 Ill. 2d at 217).

¶ 25   Notwithstanding that a fitness hearing was not required in the instant case, the record does not support defendant's argument that the circuit court failed to inquire into his fitness at the second fitness hearing. After accepting Dr. Klug's report and opinion, which both parties stipulated to at the outset of the fitness hearing, the court engaged in conversation with defendant. The court asked defendant if he and Attorney Fine reviewed the report. Defendant, who confirmed that he could read and write, stated in the affirmative. The court then stated, "Okay. And you feel like you're fit to proceed today and negotiate this case and plead guilty?" Defendant stated, "Yes, sir." The court stated the following on the record:

"THE COURT: Okay. All right. I've watched the defendant, observed him here in court, and I've talked to him here in court. He's obviously oriented and understands my questions, answers them appropriately, and based on my review of the stipulated report, conclusions and recommendations and findings, factual findings stated in that report, the court finds the defendant is fit for trial and/or to plead and sentencing. So[,] I will accept Dr. Klug's recommendation and incorporate that in my findings and find that he's fit."

As such, we reject defendant's argument that the court failed to inquire into his fitness. Accordingly, we cannot conclude that the court erred by granting the State's motion to dismiss defendant's amended postconviction petition, where defendant's petition failed to make a substantial showing of a constitutional violation.

¶ 26                                III. Conclusion

¶ 27    For the reasons stated, we affirm the judgment of the circuit court of Williamson County granting the State's motion to dismiss defendant's amended postconviction petition.

¶ 28    Affirmed.